[,MARION F. EDWARDS, Judge.
Paul S. Hamby (Hamby) appeals a verdict and subsequent judgment of the trial court dismissing his action against Crescent Ford Truck Sales Inc. (Crescent) and Harco National Insurance Company (Har-co). For the following reasons, we affirm.
On June 16, 1996, Hamby was driving a Ford truck owned by his employer, Paradise Pools & Spas Inc. As he approached a traffic light on West Esplanade Avenue, he attempted to apply his brakes. Hamby alleged that the brakes failed and that he was forced to run off the roadway in order to avoid striking another vehicle. As a result of the accident, Hamby alleged that he suffered serious injury to his back.
The matter proceeded to trial before a jury over a period of three days. After presentation of all of the evidence, the jury returned a verdict in favor of Crescent and Harco, finding that Crescent was not negligent. This verdict was made the judgment of the trial court.
|sOn appeal, Hamby urges that the trial court erred in admitting two pieces of evidence. The first document to which Ham-by objected was an accident report, titled “Employers Report of Occupational Injury or Disease.” The second was a Request For Authorization for MRI.
In the MRI request form, dated July 19, 1996, there are boxes containing the designations “automobile related,” “work related,” and “other.” On the document admitted into evidence, the “no” box is checked in the “automobile related” column and the “yes” box is marked in the “work related” column. Mr. Hamby urges that he did not fill out this form. The employer’s injury report form shows that Hamby injured his lower back on June 24,1996, while at work shoveling mud and clay. Again, Mr. Ham-by did not complete this report.
Hamby urges that the documents were extremely prejudicial and had the effect of impeaching his testimony at trial. He asserts that had the forms not been admitted, the trial would have resulted in a different outcome.
The record reflects that Hamby and Crescent each filed a Motion in Limine, and that following a hearing prior to trial, the court rendered judgment, denying Hamby’s Motion to exclude the above documents.
Hamby appealed the final judgment adopting the jury verdict. The jury interrogatories in the record indicate that the only question reached by the jury was whether or not Crescent was negligent in connection with the accident, to which the jury responded in the negative. Hamby does not appeal this negligence determination of the jury, but only the admission of the above evidence and its alleged impact on the verdict.
The Employer’s Report of Occupational Injury or Disease was inadmissible under La. C.E. 803(6), which provides that records kept in the course of regularly conducted business activity are an exception to the hearsay rule. Under that rule:
|4A memorandum, report, record, or data compilation, in any form, including but not limited to that which is stored by the use of an optical disk imaging system, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, *140 a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.
In the present case, the employee of Paradise Pools who testified regarding the report admitted that she did not know where she had obtained the information contained in it, but did know it was not Mr. Hamby. Defendants thus failed to prove someone with knowledge made the report. Further, we find that this accident report does not constitute the kind of record contemplated by the rule. The court abused its discretion in permitting its admission at trial.
Additionally the MRI request form was inadmissible. The exception under C.E. art. 803(4) states:
Statements for purposes of medical treatment and medical diagnosis in connection with treatment. Statements made for purposes of medical treatment and medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to treatment or diagnosis in connection with treatment.
Official comments to the law state that the declarant need not be the patient for this paragraph to apply. However, there must be sufficient indications from the circumstances that the declarant possessed firsthand knowledge of that of which he spoke. Dr. Rogers, Mr. Hamby’s treating physician, testified that he did not know the origin of the statement and did not attribute it to Mr. Hamby. No evidence was |sadmitted to prove who filled out the document, and from whom the information was obtained. We find the MRI request form was also inadmissible.
However, admission of the documents was harmless error for the following reasons.
The duty-risk analysis is employed on a case by case basis. Plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of the harm was within the scope of the protection afforded by the duty breached.... Generally, the outset determination in the duty-risk analysis is cause-in-fact. The inquiry to be made is whether the accident would have occurred but for the defendant’s alleged substandard conduct [1]
The record reflects that the documents in question concern the genesis of the injuries suffered by Hamby. The Employer’s Report and the Request for Authorization, while (apparently) affecting Hamby’s credibility, have no impact on the threshold issue of negligence. By finding that Crescent was not negligent, the jury apparently determined that no conduct on the part of Crescent contributed to Hamby’s injury, i.e., Crescent’s conduct was not a cause-in-fact of the accident. The jury thus did not reach the question of damages.
*141 Because the finding of liability is not challenged on appeal, we do not reach the element of damages and the impact of the documents on that portion of Hamby’s case. Put another way, admission of the documents had no bearing on the causal relationship of Crescent with the accident. Considering the foregoing, wé find no manifest error and we affirm the judgment of the trial court. Costs are taxed to appellant Mr. Hamby.
AFFIRMED.
CANNELLA, J., CONCURS IN THE RESULT.

. Daye v. General Motors Corp., 97-1653 (La.9/9/98), 720 So.2d 654, 659, citations omitted.